UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JWAINUS PERRY,<br>　　　Plaintiff, | )<br>)<br>)<br>) |  |
| vs. | )<br>) | CIVIL ACTION<br>NO.12-40033-TSH |
|  | )<br>)<br>) |  |
| JEFFREY SMITH, MARY STOW,<br>ROBERT STORK, KRISTIE LADOUCEUR,<br>and PETER PEPE,<br>　　　Defendants. | )<br>)<br>)<br>)<br>) |  |

**ORDER ON MASSACHUSETTS DEPARTMENT OF CORRECTION DEFENDANTS'**
***LIMITED APPEARANCE* MOTION TO DISMISS FOR FAILURE TO EFFECTUATE**
**SERVICE ACCORDING TO FED.R.CIV.P. 4 AND 4(M) (Docket No. 21)**

**March 12, 2013**

**HILLMAN, D.J.**

### Background

Jwainus Perry ("Perry") has filed suit against Jeffrey Smith, Mary Stow, Robert Stork, Kristie Ladouceur[1], and Peter Pepe for violating his Fourteenth Amendment rights by permanently confiscating funds which were sent to him when he was confined at MCI-Cedar Junction. All of the Defendants are current or former employees of the Massachusetts Department of Correction. This Order addresses Massachusetts Department Of Correction Defendants' *Limited Appearance*

---

[1] Defendants' motion failed to include Kristie Ladouceur's name in the caption. Nevertheless, it is clear from the body of the motion that she is included in the request for relief.

Motion To Dismiss For Failure To Effectuate Service According To Fed.R.Civ.P. 4 and 4(m) (*Docket No. 21*)("*Mot.To Dism.*").

## Facts

The following facts are relevant to Defendants motion to dismiss.  On March 26, 2012, Perry filed his Complaint in this Court. *See Docket No. 1*. On May 8, 2012, the Court mailed the Plaintiff original summonses to be completed and served on the Defendants. *See Docket No. 9*.

On July 16, 2012, Perry sent a letter to the Court indicating that on June 19, 2012, he had mailed the summonses to the Defendants *via* certified mail, but had not retained copies of them. *Docket No. 11*.  On July 14, 2012, Perry sent a letter to the Court indicating that he had received back the certified mail return receipts for all Defendants except Pepe and Ladouceur. *Docket No. 14*.  On July 16, 2012, Perry sent a letter to the Court in which he indicated that he had received back the certified mail return receipt for Defendant Pepe. *Docket No. 13*.  None of the Defendants has filed a signed summons with the Court.[2]

On August 20, 2012, in a letter to the court concerning his filing of a motion for summary judgment, Perry noted that he had served all Defendants by certified mail, but had not received a return receipt in regards to the summons he mailed to Defendant Ladouceur. *See Docket No.22*.

## Discussion

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." *Aly v. Mohegan Council–Boy Scouts of Am.*, Civil Action No. 08–40099–FDS, 2009 WL 3299951, at * 1 (D.Mass. Apr.20, 2009).  Defendants seek dismissal of this action on the grounds that Plaintiff failed to properly effectuate service of

---

   2  The Court's docket entries erroneously indicate that Defendants Smith, Stow, Stork and Pepe have returned their summonses. *See Docket Nos. 15-18.*  In actuality, what were docketed were the certified mail receipts returned to the Plaintiff for each of these Defendants; Plaintiff filed the certified mail receipts with the Court.

process within one hundred and twenty days (120) as required under Fed.R.Civ.P. 4. Specifically, Perry attempted to complete service of process on the Defendants *via* certified mail. Defendants Smith, Stow, Stork and Pepe assert that this was not a permissible method of service and Perry had not obtained leave of Court to serve them in this manner.[3] Ladouceur asserts that she was not served by any means and Plaintiff has not sought an extension of time to effectuate service of process on her. All Defendants argue that because service of process was not effectively made within 120 days of the filing of the Complaint as required by Fed.R.Civ.P. 4(m), the claims against them must be dismissed.

### *Whether Plaintiff Has Effectively Served The Defendants*

While it is the Defendants are challenging the sufficiency of process, it is Perry who has "the burden of proving proper service." *Rivera–Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir.1992). Perry argues that he has effectively served Defendants Smith, Stow, Stork and Pepe, as evidenced by the certified mail return receipts which he has filed. As to Ladouceur, he argues that he has a receipt showing that he attempted to serve her *via* certified mail.

"Although the Federal Rules of Civil Procedure do not explicitly define the term 'delivery'… courts have determined that Rule 4 requires personal service." *In re TFT–LCD (Flat Panel) Antitrust Litig.,* Nos. M 07–1827 SI, C 09–1115 SI, 2009 WL 4874872, at *2 (N.D.Cal. Oct.6, 2009)(citing cases). *See also Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir.2000)

---

[3] Defendants Smith, Stork, Stow and Pepe also assert that even if service by certified mail were effective, they did not receive copies of the Complaint/Summons until July 11, 2012, which they contend is "well past" the time permitted by this Court's rules. *See Mot. To Dism.*, at ¶3. Defendants are wrong. This Court's rules require that a copy of the summons and complaint be served within 120 days of the filing of the complaint. *See* Fed.R.Civ.P. 4(m). The Complaint was filed on March 26, 2012 and therefore, under Rule 4(m), Plaintiff had until July 24, 2012 to effect service. However, at the time that it issued the summonses to Plaintiff, this Court granted him an extension which required that service be completed within 120 days of such issuance. *See Docket No. 8.* The summonses were issued to Perry on May 8, 2012 (*see Docket No.* 9) and therefore, he had until September 5, 2012 to complete service (Perry erroneously calculates the date to be September 18, 2012). Therefore, *if* service *via* certified mail were permitted, Defendants would have been timely served.

(finding that Rule 4(h) requires personal service rather than service by mail), *cert. denied,* 531 U.S. 1036, 121 S.Ct. 625 (2000).   Moreover, service must be made by a "person who is at least 18 years old and not a party" to the action. Fed.R.Civ.P. 4(c)(2).

Perry's effort to the Defendants by certified mail is insufficient to satisfy the requirements of the federal or state rules for service of process.   This is because the applicable rules do not permit service by way of certified mail. *See* Fed.R.Civ.P. 4(d); Mass.R.Civ.P. 4(d); *see also In re TFT–LCD (Flat Panel) Antitrust Litig.,* 2009 WL 4874872, at *2 (finding that "plaintiff's service by certified mail does not satisfy the requirements under Rule 4 of the Federal Rules of Civil Procedure). Moreover, the applicable rules do not allow for service by a party to the litigation. *See Aly,* 2009 WL 3299951, at *2 (noting that plaintiff, as a party to the action, was not authorized to serve process under the federal or Massachusetts rules).   The record also establishes that the time to complete proper service upon each of the Defendants has expired-- failure to do so within the time period required by Rule 4(m) (120 days after the complaint is filed or as extended by the court) requires dismissal of this action unless Plaintiff can establish good cause for extending the period to complete proper service.

*Whether Plaintiff's Complaint Should Be Dismissed For Failure To Properly Serve Defendants*

Notwithstanding that Plaintiff is proceeding *pro se* and is incarcerated, he is responsible for effecting proper service on the Defendants. *See McIsaac v. Ford,* 193 F.Supp.2d 382, 383 (D.Mass. 2002).   Perry has not met his burden of showing that his attempt to serve Defendants by certified mail was proper under the applicable rules of procedure.   Furthermore, he has not attempted to establish good cause for failing to effect proper service; on the contrary, Perry contends that he effectively served the Defendants.   Nevertheless, "[e]ven if plaintiff's missteps do not amount to good cause such that the Court *must* grant plaintiff an extension of time, the

Court ... has discretion under Rule 4(m), even absent a showing of good cause, to extend the time for service." *Aly*, 2009 WL 3299951, at *3.

In this case, Perry is proceeding *pro se* and is currently incarcerated. Furthermore, there is no evidence that he has acted in bad faith or that his failure to comply with the applicable rules of civil procedure was intentional. Additionally, nothing in the Defendants' filing suggests that they would be prejudiced by an extension of time to complete service. On the contrary, the record shows that despite the insufficiency of the service, all Defendants except Ladouceur received copies of the Complaint and summons and given that she is represented by the same counsel as the other Defendants and that she joined in the motion to dismiss, it can be inferred that she received actual notice of Perry's claims against her. " '[T]he fact that Defendant herein has notice of the nature of Plaintiff's claims discounts any minimal risk of prejudice that might result from the limited extension of time to file that the Court has determined to authorize.' " *Aly*, 2009 WL 3299951, at *3 (quoting *Henry v. Cooper Univ. Hosp.,* 2008 U.S. Dist. LEXIS 71235, at *6–7 (D.N.J. Sept. 17, 2008)). Accordingly, this Court finds that the Defendants' motion to dismiss for insufficient service is denied without prejudice, and that Plaintiff be given 60 days to complete service of process upon the Defendants in accordance with Fed.R.Civ.P. 4. If Plaintiff fails to effectuate sufficient service within the extended period, the Defendants may refile their motion to dismiss.

**Conclusion**

The Massachusetts Department Of Correction Defendants' *Limited Appearance* Motion To Dismiss For Failure To Effectuate Service According To Fed.R.Civ.P. 4 and 4(M) (Docket No. 21) is *denied*, without prejudice as provided in this Order. Plaintiff shall properly serve the Defendants on or before May 13, 2013[4], and if he fails to do so, his Complaint shall be subject to dismissal.

                                        **/s/ Timothy S. Hillman**
                                        **TIMOTHY S. HILLMAN**
                                        **DISTRICT JUDGE**

---

[4] Plaintiff has been granted 60 days to complete service of process on the Defendants. Since May 11, 2013 is a Saturday, he will be given until Monday, May 13, 2013.