**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                )
**JWAINUS PERRY,**                              )
                        **Plaintiff,**          )
                                                )
    **v.**                                       )          **Civ. Act. No. 12-40033-TSH**
                                                )
                                                )
**JEFFREY SMITH, MARY STOWE,**                  )
**ROBERT STORK, KRISTIE LADOUCEUR, and**        )
**PETER A. PEPE.**                              )
                        **Defendants.**         )
_____)


**DECISION AND ORDER ON MOTION FOR DEFAULT JUDGMENT PURSUANT TO
FED.R.CIV. P. 55(b)(Docket No. 60 ), MOTION FOR DEFAULT JUDGMENT(Docket No.
65) and DEFENDANTS' MOTION TO REMOVE ENTRY OF DEFAULT (Docket No. 69)**
**December 13, 2013**


**HILLMAN, D.J.,**

## Background

On March 26, 2012, Jwainus Perry filed a Complaint against Jeffrey Smith, Mary Stowe,

Robert Stork, Kristie Ladouceur, and Peter Pepe under 42 U.S.C. §1983 alleging that they took

his property ($500) without due process of law, in violation of the Fourteenth Amendment.

Perry is suing the Defendants in their official and individual capacities.

Summonses were issued to Perry on May 5, 2012; Perry attempted to serve the

Defendants by certified mail.  On August 20, 2012, the Defendants filed a motion to dismiss for

failure to properly effectuate service. *See Massachusetts Department Of Correction Defendants'*

*Limited Appearance Motion To Dismiss For Failure To Effectuate Service According To*

*Fed.R.Civ.P. 4 and 4(m)*(Docket No. 21).  The Court found that Perry had not properly served

the Defendants; the motion to dismiss was denied, without prejudice to it being renewed if Perry

failed to properly effect service on the Defendants by May 13, 2013. *See Docket No. 38.* On

April 29, 2013, counsel for the Defendants, Ms. DeDosantos, executed a waiver of service on

behalf of each Defendant. *See* Docket Nos. 52, 53. Accordingly, the Defendants' answers were

due on June 28, 2013.

On September 25, 2013, Perry filed a motion for entry default as to all Defendants. *See*

Docket No. 58. On October 21, 2013, Perry filed a motion for entry of default judgment. *See*

Docket No. 60. On October 23, 2013, the Court allowed Perry's motion for entry of default as to

all Defendants; default was entered that same date. *See* Docket Nos. 62,63. The Court then

entered its Standing Order Regarding Motions For Default Judgment (Docket No. 64)("Standing

Order"). [1] On November 4, 2013, Perry filed a second motion for default judgment and an

affidavit in support thereof. *See* Docket Nos. 65,66. On November 26, 3013, Defendants filed

their motion to set aside the defaults. This Order addresses Defendants' motion to remove the

defaults which have been entered against them and Perry's second motion for entry of default

judgment.

<u>Discussion</u>

This Court's rules of procedure provide that a court may set aside an entry of default for

"good cause" shown. Fed.R.Civ.P. 55(c).

> "There is no mechanical formula for determining whether good cause
> exists and courts may consider a host of relevant factors. The three typically
> considered are (1) whether the default was willful; (2) whether setting it aside
> would prejudice the adversary; and (3) whether a meritorious defense is presented
> … But that is not an exclusive list and courts may consider other relevant factors,
> including " '(4) the nature of the defendant's explanation for the default; (5) the

---

[1] Perry's motion for Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(Docket No. 60) was filed prematurely and did not include an affidavit or other supporting documentation. After this Court issued its Standing Order, Perry filed a second motion for default judgment and supporting affidavit. Therefore, Perry's first motion for default judgment is *denied*, as moot.

good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside the entry of default].' " Ultimately, the burden of demonstrating good cause lies with the party seeking to set aside the default.

*Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010)(internal citations and citation to quoted case omitted).

This is a very close case, as the factors align on both sides. First, I do not find that the Defendants willfully defaulted; on the contrary, from the record, it appears that at least in part, their failure to participate in the suit was due to their lawyer's health issues. Removal of the default will not prejudice Perry.  Indeed, it appears that both parties agree that Perry has been reimbursed the $500 which is the subject of his suit. Thus, the first two factors favor the Defendants.  Because the Defendants acknowledge that Perry was owed the $500, they have no apparent defense and are left to dispute his assertion that he is entitled to interest and attorney's fees.  It would appear that this factor favors Perry.  While I find that counsel's ill health constitutes a legitimate explanation for failing to participate in the suit, her explanation is somewhat undercut by the fact (as Perry points out), that Defendants answers were due June 28, 2013 and counsel indicates that her serious health problems began in August.  Therefore, this factor does not favor either party.  I do find that both parties have acted in good faith.  The amount of money involved is minimal; as stated above, the parties essentially agree that the sole issue remaining to be resolved is whether the *pro se* plaintiff is entitled to attorney's fees for prosecuting the case and interest for the time that the Plaintiff was deprived of the use of his money.  Finally, Defendants sought to remove the defaults fairly promptly after they were entered. Thus, the last two factors slightly favor the Defendants.

On this record, although it is a *very* close call, I find that the Defendants have established good cause for removing the defaults and therefore, their motion will be allowed. Accordingly, Perry's motion for default judgment is ***denied.***

As has been noted by the Court, the $500 at issue has been returned to the Plaintiff's inmate account.  Under the circumstances, the Court would suggest that the parties confer and determine whether any remaining issues can be resolved without the necessity of a trial. If the Court can be of any assistance in facilitating a resolution of this case, including, referring the matter to a magistrate judge for mediation, the parties can jointly or individually petition the Court for assistance.  If the parties are unable to resolve the matter, then the Defendants shall file their answers on or before, January  6, 2014, and the Court will thereafter issue a Notice of Scheduling Conference.

<u>Conclusion</u>

1.  Jwainus Perry's Motion For Default Judgment Pursuant To Fed.R.Civ.P. 55(b) (Docket No. 60) is ***denied***, as moot;

2.  Jwainus Perry's Motion For Default Judgment (Docket No. 65) is ***denied***; and

3.  Defendants' Motion To Remove Entry of Default (Docket No. 69) is ***allowed.***

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**United States District Judge**